UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVOR JOYCE ,

     Plaintiff,

v.                                                              Case No. 20-11638
                                                                Honorable Victoria A. Roberts

DAVID RICH ET AL.,

     Defendants.

_____/

## ORDER:
## (1) GRANTING DEFENDANT DAVID RICH, D RICH TRUCKING LLC, AND FOUR STAR TRANSPORTATION CO.'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 36)
## (2) GRANTING DEFENDANT WHITE'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 37)

## I. Introduction

Trevor Joyce ("Joyce") brings this action against David Rich ("Rich"), D Rich Trucking LLC, Four Star Transportation Co., and Dale White ("White") (collectively "Defendants").  This action stems from a motor vehicle accident on a snowy winter day in Michigan involving Joyce, Rich, and White.  Joyce alleges that Rich and White drove their respective vehicles in a negligent manner which caused the accident and Joyce's injuries.

1

Joyce brings six counts: (I) negligence against Rich; (II) ownership liability against D Rich Trucking LLC; (III) negligent entrustment against D Rich Trucking LLC; (IV) respondeat superior against Four Star Transportation Co; and (V) negligence against White.

Defendants filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  The Court **GRANTS** it in its entirety.

## II. Background

On January 29, 2019, Joyce drove a tractor trailer on a two-lane interstate when it began to snow intensely.  The parties and police report describe the weather at the time as a "white out" due to blowing snow and icy conditions.  (ECF No. 37, PageID.275).  While driving in the right lane, Joyce came upon a 24-vehicle collision.[1]  As he approached the collision, Joyce applied brakes but the trailer would not stop.  (ECF No. 36-2, PageID.234, Dep. of Joyce Pg.51 ¶ 6).  To avoid hitting the vehicle in front of him, Joyce steered his trailer onto the right shoulder.  (*Id*., ¶ 18).

---

[1] There were numerous news outlets covering the multi-vehicle accident.  The Ottawa County Undersheriff, Valerie Weiss, described the weather on the interstate where the accident occurred as "treacherous."   "The blowing snow is the biggest issue." https://www.mlive.com/news/grand-rapids/2019/01/whiteout-conditions-swamp-west-michigan-with-pileups-interstate-shutdowns.html

Rich, a driver for Four Star Transportation, drove his trailer owned by D Rich Trucking LLC in the right lane directly behind Joyce. After observing Joyce's vehicle and traffic stopped ahead of him, Rich applied his brakes but was also unable to stop.  To avoid hitting Joyce's trailer on the right shoulder and partially in the right lane, Rich steered his trailer to the left lane and shoulder.  As Rich's trailer steered into the left lane, it jackknifed and his trailer hit the rear of Joyce's trailer.

White, who was driving his 2000 Chevrolet Silverado pick-up truck behind Rich, was unable to stop his vehicle and collided into the back of Joyce's trailer in the right lane.

According to Joyce, he felt the impact from the vehicles about four to five seconds after he steered onto the right shoulder.  (ECF No. 36-2, PageID.236).   Joyce claims the impact resulted in significant injuries including but not limited to his head, neck, back, shoulders, arms, legs, knees, feet, and other areas of his body.  (ECF No. 39, PageID.432).

All involved vehicles were disabled and were towed from the scene. (Police Rep. ECF No. 36-4, PageID.246-250).

### III. Legal Standard

Under Federal Rule of Civil Procedure 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The movant bears the initial burden to inform the Court of the basis for her motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies his burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Id*. at 324.  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Unsupported, conclusory statements are insufficient to establish a factual dispute to defeat summary judgment, as is the mere existence of a scintilla of evidence in support of the non-movant's position; the evidence must be such that a reasonable jury could find in its favor. *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court "views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court only needs to consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

## IV. Analysis

### A. Count I – Negligence against Rich

Joyce says Rich was negligent by failing to operate his tractor trailer in a reasonable, careful, and prudent manner.  (Pl. Compl. ¶ 14, ECF No. 5, PageID.30).  Joyce alleges Rich's conduct fell below a reasonable standard of care because he operated his truck at a speed greater than which permitted him to stop with an assured clear distance, causing a collision; and Rich failed to exercise due regard for the traffic, roadway surfaces and all other conditions existing at the time.  (ECF No. 39, PageID.439).

Rich says this claim should be dismissed because Joyce fails to present any evidence that he breached his duty of care.  (ECF No. 40,

PageID.526).  In the alternative, Rich says he is excused from liability due to the sudden emergency doctrine.  (ECF No. 40, PageID.528).  Rich is correct.

Under Michigan law, a plaintiff must establish (1) duty; (2) breach; (3) causation; and (4) damages.  *Romain v. Frankenmuth Mut. Ins. Co.*, 483 Mich. 18, 21, 762 N.W.2d 911, 913 (2009).

As a driver on the road, Rich had a duty to drive with the care and caution of an ordinarily careful and prudent person.  *Zarzecki v. Hatch*, 347 Mich. 138, 141, 79 N.W.2d 605, 607 (1956).  The issue is whether sufficient evidence exists for a reasonable jury to find that Rich breached this duty.

## I. Rich drove as a reasonably prudent person would under the circumstances.

Joyce testified during his deposition that "there was a complete whiteout, you couldn't see sh*t."  (ECF No. 36-2, PageID.232 ¶ 15-18).  Not only was visibility bad, but Joyce's testimony revealed that the road itself was slick.  When Joyce recognized the vehicle in front of him was stopping, he applied his brakes but his tractor trailer would not stop.  (*Id.*, ¶ 24).

The police report description of the interstate is consistent with Joyce's.  As documented in the police report, there was blowing snow and icy roads.  (ECF No. 36-4, PageID.246).  Importantly, the reason Joyce

6

suddenly stopped his tractor trailer was to avoid running into a 24-vehicle-collision.

Rich was faced with the same conditions as Joyce and the other drivers on the road.  In his affidavit, Rich says:

> "I braked but, by the time I was able to see the stopped traffic in the whiteout conditions, I did not have enough room to stop. I attempted to avoid colliding with the stopped vehicles by steering my truck over the left lane and onto the left shoulder. As I did so, my trailer jackknifed and caught the rear of the trailer that was on the shoulder and partially in the right lane. There was nothing more I could have done to prevent that from happening; the only other available option was would [*sic*] have been to continue straight into the stopped traffic."

(Affidavit of David Rich, ECF No. 36-3, PageID.243 ¶ 6).

Rich's conduct was almost identical to Joyce's under the same conditions.  Rich applied his brakes but his truck would not stop.  He had three options: continue to go straight down the right lane, potentially hitting Joyce's trailer and other vehicles; steer onto the right shoulder and hit Joyce's trailer; or steer into the left lane to avoid hitting any vehicles.  Rich decided to steer into the left lane.

According to the police report: Rich appeared normal; he was not distracted; and he was not under the influence of alcohol or drugs.  The report makes no mention of speeding or traffic violations.  The responding

state troopers did not issue Rich a citation.  (ECF No. 36-4, PageID.246).

Joyce attached the police report as an exhibit but does not point to any

portion of it as evidence that Rich breached his duty of care.

"'[T]he happening of [an] accident alone is not evidence of negligence

... negligence may be established by circumstantial evidence, and ... where

the circumstances are such as to take the case out of the realm of conjecture

and within the field of legitimate inferences from established facts' a prima

facie case is made."  *Billops v. Target Corp*., No. 12-15395, 2014 WL

806850, at *2 (E.D. Mich. Feb. 28, 2014) (citing *Whitmore v. Sears, Roebuck*

*& Co*., 89 Mich.App. 3, 9, 279 N.W.2d 318, 321 (1979)).

Joyce fails to present any evidence – direct or circumstantial –

indicating that Rich was negligent.

Joyce is correct that violation of a Michigan statute creates a

rebuttable presumption of negligence.  *Zeni v.* Anderson, 397 Mich. 117, 243

N.W.2d 270 (1976).  Among the statutes cited to, Joyce primarily relies on

MCL 257.627(1):

> "An individual operating a vehicle on a highway shall operate
> that vehicle at a careful and prudent speed not greater than
> nor less than is reasonable and proper, having due regard to
> the traffic, surface, and width of the highway and of any other
> condition existing at the time. An individual shall not operate

a vehicle upon a highway at a speed greater than that which
will permit a stop within the assured, clear distance ahead."

To counter this presumption, Rich relies on the sudden emergency
doctrine: "[t]here was nothing more that he could have done to avoid the
collision, but, even if there was, the sudden emergency doctrine precludes
liability."  (Rich's Br. ECF No. 36, PageID.224).

The sudden emergency doctrine applies "when the person chooses
one reasonable, non-negligent course of action over another reasonable,
non-negligent course of action that would have resulted in a more favorable
outcome when viewed in hindsight."  *White v. Taylor Disturb Co, Inc,* 275
Mich.App. 615, 623, 739 N.W.2d 132, 137 (2007).  The doctrine applies only
when the circumstances are unusual or unsuspected and not of the
defendants' own making.  *Vander Laan v. Miedema*, 385 Mich. 226, 232,
188 N.W.2d 564 (Mich.1971).  The doctrine is not an affirmative defense,
but is instead a factor to consider in determining whether a person acted
reasonably under the circumstances.  *Szymborski v. Slatina*, 386 Mich. 339,
341, 192 N.W.2d 213, 214 (1971).

Joyce does not present witness testimony, affidavit, police findings, or
any other support that Rich was anything other than careful and prudent
under the circumstances.  In his affidavit, Rich says he was neither speeding

nor driving too fast for the conditions.  (ECF No. 36-3, PageID.244 ¶ 7).  No facts or evidence contradict Rich's affidavit.

In his response brief, Joyce included deposition testimony from Darcey Markwart ("Markwart"), a non-party who drove a vehicle involved in the accident.  Markwart testified:

Q: Was it particularly heavy snow that day or was it – how would you describe it?

A: There was some blowing snow.  In the morning, it was not any worse than it had been for a week.  So, no, it really was just a snowy winter day in Michigan, you know, a normal January.

(ECF No. 38, PageID.391 ¶ 20-25).

…

Q: Would you describe the conditions as whiteout at the time  of the accident?

A: See, I don't recall that now.

(*Id.*, PageID.392 ¶ 12-14).

During cross examination, Markwart testified:

Q: So if others describe or if there are other reports that describe that these were whiteout conditions that occurred suddenly, unexpectedly and

preventing them from seeing traffic around them, you wouldn't necessarily disagree with that, would you?

A: No, I can't

(Markwart's Dep. ECF No. 40, PageID.535 ¶ 1-6).

Markwart later testified, "I have a hard time recalling if it was snowing or not." (ECF No. 40, PageID.536 ¶ 12).

In light of Markwart's inability to recall the weather conditions, query whether she has personal knowledge of the events, the relevancy of her testimony, and whether it would be helpful to a jury.

Nonetheless, Joyce did not offer Markwart's testimony to argue that Rich drove in an unreasonable manner.  Joyce uses the testimony to undermine Rich's alternative argument that he faced a sudden emergency. (ECF No. 38, PageID.345).  Although the level of care may change if it were a sudden emergency, Joyce must still present evidence of Rich's conduct for a jury to assess its reasonableness under the circumstances; a blanket negligent claim is insufficient.  There is no evidence that speaks to, for example, whether Rich was distracted or how fast he was driving.

Mere allegations alone are insufficient to establish a genuine dispute of material fact.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)

("In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts."). The nonmoving party must present "concrete evidence supporting [his] claims." *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Summary judgment is appropriate if the moving party points out that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In his response brief to the Motion for Summary Judgment, Joyce says "the facts and circumstances surrounding the collision and parties' negligence must be investigated further. Any argument regarding the distribution of negligence would be premature as discovery is ongoing." (ECF No. 39, PageID.447). Not only does this appear to be a concession that there is insufficient evidence, but Joyce is wrong about the status of discovery. According to the docket, discovery was to be completed by August 9, 2021. On July 15, 2021, the Court adjourned this date to December 9, 2021. Defendants timely filed Motions for Summary Judgment

on January 7, 2022, after discovery closed.  Joyce had sufficient time for discovery.

Rich has met his summary judgment burden; he established that there is no genuine issue of material fact; no material evidence supports that he breached his duty of care.  *Kochins v. Linden-Alimak*, *Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The Court **GRANTS** Rich's Motion for Summary Judgment of Count I.

## B. Count II – Ownership Liability of D Rich Trucking LLC

Joyce says D Rich Trucking LLC, as the owner of the tractor trailer Rich drove, is liable and responsible for all damages pursuant to MCL 257.401 et. seq. (Pl. Compl. ECF No.5, PageID.33 ¶ 24-25).

MCL 257.401(1) provides in relevant part: "The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge."

D Rich Trucking LLC cannot be liable if Rich, the operator of the vehicle, was not negligent.  As noted above, Joyce failed to present any evidence to show that Rich breached his duty of care.

The Court **GRANTS** D Rich Trucking LLC's Motion for Summary Judgment of Count II.

### C. Count III – Negligent Entrustment Against D Rich Trucking LLC

Joyce says D Rich Trucking LLC entrusted Rich with the vehicle and knew or should have known that Rich was not a reasonably prudent driver. (Pl. Compl. ECF No. 5, PageID.34 ¶ 27).

A plaintiff in a negligent entrustment action has the burden to prove "that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency."  *Hendershott v. Rehin,* 61 Mich.App. 83, 88, 232 N.W.2d 312 (1975).

Joyce has not satisfied this burden; he presented no facts or evidence to show that Rich was an incompetent driver.  Moreover, Joyce's briefing

fails to address how D Rich Trucking LLC knew or could infer that Joyce was incompetent.  *See* (Pl. Resp. ECF No. 39, PageID.448-49).

The Court **GRANTS** D Rich Trucking LLC's Motion for Summary Judgment of Count III.

### D. Count IV – Respondeat Superior Against Four Star Transportation

Joyce says Rich negligently operated the tractor trailer as an employee, servant, and/or agent of Four Star Transportation Co.  (Pl. Compl. ECF No. 5, PageID.35 ¶ 32).  Because Rich operated the tractor trailer during the course of his employment, Joyce says Four Star Transportation Co. is liable under the respondeat superior doctrine.

Under respondeat superior, "[a]n employer is generally liable for the torts its employees commit within the scope of their employment."  *Hamed v. Wayne County*, 803 N.W.2d 237, 244 (2011).  Since Rich did not commit a tort, respondeat superior is inapplicable.

The Court **GRANTS** Four Star Transportation Co.'s Motion for Summary Judgment of Count IV.

### E. Count V – Negligence Against White

Joyce brings a negligence claim against White.  (Pl. Complaint. ECF No. PageID.36-40 ¶ 36-47).  White also drove behind Joyce's tractor trailer

as Joyce came to a stop.  According to White, he could not avoid colliding into Joyce.  (ECF No. 37, PageID.274-75).  In his Motion for Summary Judgment, White says it is not enough for Joyce to simply allege that White "could have should have [*sic*] done something different."  (ECF No. 37, PageID.275).

Similar to the claim against Rich, Joyce fails to present evidence that White breached his duty of care.  Joyce attached the same five exhibits that he attached to his response to Rich – traffic crash report; excerpts from Joyce's deposition testimony; excerpts from Markwart's deposition testimony; excerpts of medical records; and MRIs of Joyce's spine and knee.

The police report notes that White appeared normal; he was not distracted; and he was not under the influence of alcohol or drugs.  The report makes no mention of speeding or traffic violations.  The responding state troopers did not issue White a citation.  (ECF No. 37-2, PageID.289).

For the reasons mentioned in the claim against Rich, Markwart's deposition testimony is not evidence that White's conduct fell below a reasonable standard of care.

A reasonable jury could not return a verdict against White.  *Street*, 886

F.2d at 1479.  The Court **GRANTS** White's Motion for Summary Judgment

of Count V.

## V.    Conclusion

For the reasons mentioned above, the Court **GRANTS** Defendants

David Rich, D Rich Trucking LLC, and Four Star Transportation Co's

Motion for Summary Judgment.  (ECF No. 36).

The Court **GRANTS** Defendant White's Motion for Summary

Judgment.  (ECF No. 37).


**IT IS ORDERED.**


s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 9, 2022

17